PAUL E. WHITESELL and CLAUDELLE M. WHITESELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitesell v. Commissioner
Docket No. 20669-86
United States Tax Court
T.C. Memo 1988-398; 1988 Tax Ct. Memo LEXIS 426; 55 T.C.M. (CCH) 1720; T.C.M. (RIA) 88398; August 25, 1988
Arlene A. Blume, for the *427 respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined income tax deficiencies against petitioners for 1982 and 1983 in the amounts of $ 13,163.96 and $ 7,728.00, respectively. The issue is whether petitioner-husband is a "qualified individual" eligible to exclude foreign earned income from his gross income under section 911(a). [1] The facts have been fully stipulated and are incorporated herein by this reference. Petitioners resided in Louisiana at the time their petition herein was filed. In 1982 and until July 1983 the husband (sometimes hereinafter referred to as petitioner) worked for Penrod Drilling Company (hereinafter Penrod) as a barge engineer on an offshore oil rig in the Atlantic Ocean in the territorial waters of Brazil near Macae of that country. For working overseas, petitioner received a 25 per cent bonus over the wages he would have earned on a site in the continental United States. Petitioner had a schedule which required him to *428 work on the oil rig for periods of 28 days at a time, alternating with a 28 day period of rest. In 1982 petitioner thus spent 169 days outside the United States pursuant to his employment with Penrod and in 1983 he similarly spent 112 days. He spent his rest periods at home in Louisiana, with the travel both home and back to the rig occurring during the rest period. Penrod made the transportation arrangements and paid the cost of transporting petitioner between his home and the drilling site. During 1982 and 1983, petitioners owned a home in Louisiana. Moreover, petitioner's wife and sons resided in that home throughout the year. In those years, petitioner's wife was employed as a secretary in their then home town in Louisiana. Petitioner owned a car in the United States which was registered in Louisiana; he maintained a Louisiana driver's license; he was registered to vote in Louisiana; and he maintained bank accounts in Louisiana. During work periods, petitioner's employer provided him with living quarters and food on the rig. Petitioner usually spent the entire work period on the rig where he worked with other Americans, citizens of Brazil, and citizens of other nations. *429 His only contact with Brazil was a layover in Macae between flights to and from his home and the rig. Petitioner's offshore assignment with Penrod would not permit him to live onshore in Brazil at any time or, moreover, to bring his family there or aboard the rig to live. Petitioner did not maintain a residence or a bank account in Brazil and he was not licensed to drive there. Petitioner was a citizen of the United States, permitted to work in Brazil under a visa issued by that country. He paid no taxes to Brazil as a result of his employment on the offshore drilling rig. In 1982 and 1983 petitioner and his wife reported on their income tax returns earnings from Penrod and deductions or "exclusions" of foreign earned income in the following amounts: Year
Earnings
Exclusion
1982
$ 48,102.03
$ 34,500.00
1983
38,964.06
24,544.00
In claiming the exclusion, petitioners relied on advice from their professional return preparer, Acadiana Bookkeeping & Tax Service, which preparer prepared the returns at issue. In his notice of deficiency, the Commissioner disallowed the foreign earned income exclusions taken in both 1982 and 1983 on the ground that *430 it was not established that petitioner was "a bona fide resident of Brazil" for the entire year under section 911(d)(1)(A) or that he was "physically present in Brazil for at least 330 full days during" a period of 12 consecutive months under section 911(d)(1)(B). It is stipulated that "Petitioner was not present in any foreign country or countries for 330 days out of any twelve month period encompassing any portion of the 1982 or 1983 tax years". The present case is substantially the same as, and comes fairly within, Miller v. Commissioner,T.C. Memo. 1988-397, decided this day. Based on the law outlined in Miller and for the reasons stated therein, we conclude that petitioner's abode remained in the United States during 1982 and 1983 and, consequently, that he did not have a tax home abroad in those years. As a result, he does not satisfy the "tax home" requirement contained in section 911(d)(1) and cannot be classified as a "qualified individual" under either the "bona fide resident" test of section 911(d)(1)(A) or the "physical presence" test of section 911(d)(1)(B). He is thus ineligible for the exclusion for "foreign earned income" of section 911(a). *431 Decision will be entered for the respondent.
Footnotes
1. Other adjustments in the notice of deficiency result automatically from resolution of this issue or are beneficial to petitioners and thus not contested by them. ↩